# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED PENSION TRUST FOR SOUTHERN NEVADA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GRANITE WORKS, INC., *et al.*,<br><br>Defendants. | Case No. 2:10-CV-00990-KJD-LRL<br><br>**ORDER** |

Presently before the Court is Defendant Granite Work, Inc.'s Motion to Set Aside Default (#17). Plaintiffs filed a response in opposition (#24) to which Defendant replied (#26).

I.  Background and Procedural History

Plaintiffs filed the present action on June 23, 2010. Defendant Granite Works, Inc. ("Defendant" or "Granite") was personally served with the summons and complaint on or about July 2, 2010. Defendant Granite's answer was due July 23, 2010. Though aware that Defendant was represented by counsel, Plaintiffs' counsel did not inform Granite Works, Inc.'s counsel that they were moving for entry of default or inquire about Granite's intention to proceed.

1  On July 28, 2010, the Clerk of the Court entered default against Granite Works, Inc.  On July 30, 2010, Granite filed the present motion to set aside entry of default.

## II.  Analysis

Pursuant to Federal Rules of Civil Procedure 55(c), a court may set aside entry of default "for good cause shown."  The "good cause" standard is the same standard that governs vacating a default judgment under Rule 60(b).  See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004).  The law favors deciding a case on its merits.  See id.  Thus, a default judgment is appropriate only in extreme circumstances.  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

The Court considers three factors in analyzing good cause: (1) whether the defaulting party engaged in culpable conduct leading to the default; (2) whether the defaulting party has a meritorious defense; and (3) whether vacating the entry of default would prejudice the plaintiff.  See Franchise Holding, 375 F.3d at 926.  The court has discretion to deny the motion to set aside default if any one of the three factors favor plaintiff.  See id.  For the reasons stated *infra*, the Court finds that Defendant has shown good cause to vacate the entry of default.

### A.  Culpable Conduct

When examining culpable conduct, the court concurrently examines any excusable neglect of the defaulting party.  See id. at 927. Defendant's conduct is culpable if it "received actual or constructive notice of the filing of the action and failed to answer" or otherwise defend.  Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 690 (9th Cir. 1988).  A defendant's failure to answer, however, may be excused depending on the reason for the delay if defendant acted in good faith.  See TCI Group, 244 F.3d at 696.  Further, conduct is culpable only where the explanation of the default is consistent with a devious, deliberate, willful or bad faith failure to respond.  See Employee Painter's Trust v. Ethan Enters., 480 F.3d 993, 1000 (9th Cir. 2007).

1 Here, Plaintiffs have not argued that Granite's counsel was notified that they would be
2 seeking entry of default as required by Nevada Rule of Professional Conduct 3.5A. <u>See</u> <u>Cen Val</u>
3 <u>Leasing Corp. v. Bockman</u>, 668 P.2d 1074 (Nev. 1983)(failure to inquire of opposing counsel about
4 intention to proceed before seeking default is grounds for setting aside default). Defendant Granite
5 has met its burden in establishing that it acted in good faith. Once Defendant's counsel became
6 aware that default had been entered, he filed the present motion within one day. Therefore, the
7 Court finds that Defendant's counsel was acting in good faith, and his conduct was not culpable.
8 Accordingly, this factor weighs in favor of setting aside the entry of default.

      B. Meritorious Defense

To succeed on a motion to set aside a default, the defendant must set forth specific facts that constitute a defense. <u>See</u> <u>Franchise Holding</u>, 375 F.3d at 926. Further, mere general denial, without facts to support it, is not sufficient. <u>See</u> <u>id.</u> Here, Defendant has set forth specific facts that may constitute a meritorious defense. Accordingly, this factor weighs in favor of setting aside default.

      C. Prejudice

Plaintiffs argues that they will be prejudiced if default is set aside. However, the rules favor the resolution of cases on their merits. <u>See</u> <u>TCI Group</u>, 244 F.3d at 695-696. Here, Plaintiffs have made no showing that setting aside the entry of default will prejudice them. Having to litigate the case on the merits rather than benefitting from entry of a default judgment is not prejudice adequate to deny Defendant's motion. Accordingly, this factor weighs in favor of setting aside the default.

III. Conclusion

Defendant Granite Work, Inc.'s Motion to Set Aside Default (#17) is **GRANTED**;

///
///
///
///
///

IT IS FURTHER ORDERED that the Clerk of the Court **VACATE** Entry of Default as to Defendant Granite Works, Inc. (#15).

DATED this 17th day of December 2010.

_____
Kent J. Dawson
United States District Judge